# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| R.J. HEATING CO., INC. | ) | CASE NO. 1:22-cv-00710 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| v. | ) | |
| | ) | |
| | ) | |
| JOSHUA RUST, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Before the Court is Defendants Joshua Rust, Dusty Rust, and J.D.R. Home Services LLC's (collectively "Defendants") Motion for Judgment on the Pleadings for lack of subject matter jurisdiction. (ECF No. 13). The motion asserts that Plaintiff's complaint fails to allege any facts that demonstrate that its "trade secret is related to a product or service used in, or intended for use in interstate . . . commerce" pursuant to 18 U.S.C. § 1863. (ECF No. 14, PageID #91–94). For the reasons discussed below, the motion is **GRANTED**, Plaintiff's claims are **DISMISSED**, and Defendants' counterclaims are **DISMISSED**.

### I. BACKGROUND

#### A. Factual Background

Plaintiff is a heating and air conditioning ("HVAC") business offering services in Northeast Ohio for over sixty years. (ECF No. 1, PageID #3). Defendants Joshua Rust and Dusty Rust established J.D.R. Home Services LLC on February 25, 2021. (*Id.* at PageID #2). Plaintiff claims that Defendant J.D.R. Home Services operates as a direct competitor of Plaintiff, offering similar HVAC services in Northeast Ohio. (*Id.* at PageID #2, 6). On May 25, 2021, Plaintiff hired Defendants Joshua Rust and Dusty Rust as Service Technicians. (*Id.* at PageID #3). Upon hiring, Defendants Joshua and Dusty Rust entered into and signed Confidentiality and Non-Competition

1

Agreements with Plaintiff. (*Id*. at PageID #4). Plaintiff claims that as part of their employment, Defendants Joshua and Dusty Rust had substantial contact with and access to Plaintiff's trade secrets, and confidential and proprietary information. (*Id*. at PageID #4).

Plaintiff claims Defendants Joshua and Dusty Rust used its information and vendor/supplier contacts and relationships, without permission, to obtain favorable pricing and authorization to sell product lines on behalf of Defendant J.D.R. Home Services. (*Id*. at PageID #6). Plaintiff claims such activity is in direct competition with his business, and in violation of the Confidentiality and Non-Competition Agreements entered into with Plaintiff. (*Id*.). Defendants Joshua and Dusty Rust are no longer employed by Plaintiff. (*Id*.). Plaintiff claims that since their separation, Defendants have continued to violate their obligations under the Confidentiality and Non-Competition Agreements and have used Plaintiff's trade secrets to engage in business in direct competition with Plaintiff. (*Id*. at PageID #7).

B.  **Procedural Background**

Plaintiff filed this action on May 2, 2022, alleging that Defendants misappropriated and/or used Plaintiff's trade secrets in violation of 18 U.S.C. § 1863, the Defend Trade Secrets Act ("DTSA"), and Ohio law, Ohio Rev. Code. § 1333.61(D), the Ohio Trade Secrets Act ("OTSA"), and tortiously interfered with contractual and business relationships. (ECF No. 1, PageID #1–9). The complaint also alleges breach of contract claims against Joshua Rust and Dusty Rust, respectively. (*Id*. at PageID #10–13).

Defendants answered and filed a counterclaim on June 9, 2022, alleging Plaintiff intentionally interfered with business relationships and filed bad faith misappropriation claims under the DTSA and OTSA. (ECF No. 8, PageID #50, 65-67). Plaintiff answered Defendants' counterclaim on June 30, 2022. (ECF No. 9).

Defendants filed their Motion for Judgment on the Pleadings on November 9, 2022. (ECF No. 13-1). Plaintiff opposed Defendants' motion on December 12, 2022. (ECF No. 14). Defendants replied in support of their motion on December 12, 2022. (ECF No. 15).

## II. LEGAL STANDARD

Rule 12(b)(1) authorizes the Court to dismiss claims over which it lacks proper subject matter jurisdiction. *See* Fed. R. Civ. P 12(b)(1). "Plaintiff bears the burden of establishing that subject matter jurisdiction exists." *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014). To establish that subject matter jurisdiction exists, Rule 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, the pleading must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> According to the Sixth Circuit:
>
> "Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motion s to dismiss. On the other hand, when a court reviews a complaint under a *factual* attack . . . . no presumptive truthfulness applies to the factual allegations. . . . A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court. The *res judicata* effect of a 12(b)(1) motion is consequently limited to the jurisdictional issue."

*Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In other words, a facial attack challenges the sufficiency of the jurisdictional allegations in the complaint. A factual attack challenges the *per se* fact of the Court's jurisdiction. Here, Defendants did not move to dismiss under Rule 12(b)(6), but instead moved pursuant to Rule

3

12(b)(1), arguing that the Court does not facially or factually have jurisdiction. (ECF No. 12-1, PageID #95).

### III. LAW AND ANALYSIS

#### A. Count One – Misappropriation of Trade Secrets in Violation of the DTSA

The DTSA allows for a civil claim of action for a party whose trade secrets are misappropriated if those trade secrets are "related to a product or service used in or intend for use in, interstate . . . commerce." 18 U.S.C. § 1836(b)(1). "To prevail on a claim under the DTSA, a plaintiff must show: (1) the existence of a protectable trade secret; (2) misappropriation of the trade secret by defendant; and (3) that the trade secret is related to a product or service used in interstate commerce." *Endless River Techs. LLC v. Trans Union LLC*, 2022 U.S. Dist. LEXIS 19217 *23 (N.D. Ohio, Feb. 22, 2022).

##### 1. Existence of a Trade Secret

The DTSA defines trade secret as:

> "All forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."

18 U.S.C. § 1839(3)(A–B). Put another way, "[i]nformation that is generally known, publicly available, or readily ascertainable by skilled individuals in a plaintiff's field is not entitled protection as trade secret information." *Ridge Corp. v. Altum LLC*, 2023 U.S. Dist. LEXIS 19926, at *6 (S.D. Ohio, Feb. 3, 2023).

4

"Reasonable particularity must be particular enough as to separate the trade secret from matters of general knowledge in the trade or special knowledge of persons skilled in the trade." (internal quotation marks and citations omitted). *Caudill Seed & Warehouse v. Jarrow Formulas, Inc.*, 53 F.4th 368, 381 (6th Cir. 2022). Plaintiff's complaint alleges that Defendants used its "information and vendor/supplier contacts and relationships to obtain favorable pricing and authorization to sell product lines on behalf of [Defendants]. . . ." (ECF No. 1, PageID #6). But, Plaintiff does not establish what information regarding the vendor/supplier contacts and relationships are, in fact, trade secrets. Nor does it assert which trade secrets trigger the DTSA.

Only by connecting the dots between the Complaint and the Answer is the Court able to ascertain the information that Plaintiff claims is a purported trade secret. In their Answer and Counterclaim, Defendants assert that Plaintiff "contacted American Standard, Habegger Corp., and Wolff Brothers Supply, Inc., . . . causing these suppliers to cease their relationship with [Defendants]." (ECF No. 8, PageID #64). This is the first indication to the Court which purported vendor/supplier trade secrets Plaintiff *might* be alluding to in its complaint. The particular information pertaining to the trade secrets is material in establishing the all-important "interstate commerce" jurisdictional element of the DTSA.

Defendants argue the vendor/supplier (trade secret) information, that Plaintiff apparently claims to implicate interstate commerce, is generally known in the industry. (ECF No. 13-1, PageID #97, ECF No. 15, PageID #111). The Court agrees. Anyone with interest in the HVAC trade and access to the internet can discover with relative ease that American Standard, Habegger Corp., and Wolff Brothers are vendor/suppliers for the HVAC industry in Northeast Ohio. Accordingly, the Court finds that Plaintiff failed to plead facts that establish the existence of a trade secret subject to the DTSA.

### 2. Misappropriation of a Trade Secret

The DTSA defines "misappropriation" as follows:

> (A) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> (B) disclosure or use of a trade secret of another without express or implied consent by a person who—
> (i) used improper means to acquire knowledge of the trade secret;
> (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was—
> (I) derived from or through a person who had used improper means to acquire the trade secret;
> (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> (iii) before a material change of the position of the person, knew or had reason to know that—
> (I) the trade secret was a trade secret; and
> *(II) knowledge of the trade secret had been acquired by accident or mistake.*

18 U.S.C. § 1839(5).

The definition of misappropriation requires there to be a trade secret. As the Court discussed above, there is no trade secret here (at least not for purposes of the DTSA). Therefore, the Court need not address the misappropriation issue, because the requisite element of the existence of a trade secret is not met.

However, even if Plaintiff had plead facts sufficient to establish there is a trade secret at play, the misappropriation element is still not satisfied. It is undisputed that Defendants were employed by Plaintiff; during and after such employment, they operated their own HVAC business in direct competition with Plaintiff. (ECF No. 8, PageID #62). Plaintiff argues that Defendants used its confidential, proprietary, and trade secret information to further their business interest in direct competition with Plaintiff. (ECF No. 1, PageID #8). Accepting Plaintiff's allegations as

true, Plaintiff still does not adequately plead facts demonstrating how Defendants misappropriated any trade secret.

To be clear, Plaintiff's *may* have adequately pled that Defendants misappropriated *some* of its trade secrets. But the Court is only concerned with the adequacy of the pleading that pertains to Defendants misappropriating trade secrets subject to the DTSA. Plaintiff's pleadings miss the mark. Even if Plaintiff adequately pled the existence of a trade secret, and that that trade secret was misappropriated (of which it did neither), the Court is still not convinced it has jurisdictional standing based on the elemental requirements of the DTSA.

### 3. The Relationship of Plaintiff's Services to Interstate Commerce

Even if a reviewing court were to find that the vendor/supplier information constitutes a trade secret, and that the trade secret was misappropriated, Plaintiff has not established the nexus requirement that its services are used, or intended for use, in interstate commerce.

The nexus requirement instructs that the "service relating to the trade secret must be used or intended for use in interstate commerce for the DTSA to apply." *Health Care Facilities, Partners, LLC v. Diamond*, 2022 WL 16923888, at *7 (N.D. Ohio Nov. 14, 2022). In *Health Care Facilities, Partners*, the plaintiffs who, in addition to being organized and headquartered in multiple states, operated, *inter alia*, medical centers throughout the United States, brought a DTSA claim against the defendant-investor. *Id*. at *7–8. The defendant moved the court to dismiss the plaintiff's DTSA claim, arguing that the plaintiff's complaint was "devoid of allegations connecting [the] [p]laintiff's trade secrets to a service used in interstate commerce. . . ." *Id*. at *4. The court disagreed and held the nexus to be sufficient to allege the service was used in interstate commerce because the plaintiff's "underlying business activities occur[ed] . . . in interstate commerce." *Id*. at *8. The court left a small window open, albeit in dicta, for prospective

7

expansion to interstate services, explaining that "[c]ourts have found the nexus requirement is satisfied when a service could potentially involve multiple states." *Id*. (citing as persuasive authority *Officia Imaging, Inc. v. Langride*, No. 17-CV-2228, 2018 WL 6137183, at *1 (C.D. Cal. Aug. 7, 2018)).

No such nexus, nor potential nexus exists here. Not only is it undisputed that Plaintiff's and Defendants' services are reserved for Northeast Ohio, Plaintiff does not claim nor provide evidence of a potential for interstate expansion. (ECF No. 13-1, PageID #93; ECF No. 13-2, PageID #102). Here, the underlying business activity is strictly local. It is not enough to assert, as Plaintiff does, that a nexus exists between its and Defendants' local HVAC services and interstate commerce. Plaintiff's and Defendants' services are not provided interstate, and thus do not implicate the DTSA.

### 4. The Relationship of the Trade Secret to Interstate Commerce

"The relationship requirement of the DTSA requires Plaintiffs' trade secrets be 'related to' Plaintiff's services." *Health Care Facilities, Partners LLC*, WL 16923888 at *8 (quoting 18 U.S.C. Section 1836(b)). "The term 'related to' is to be construed broadly and means 'to stand in some relation; to have bearing or concern; refer; to bring into association with or connection with.'" *Id*. (internal citations omitted). Here, the purported trade secret is the names of third-party vendors, who ship their products interstate to both Plaintiff and Defendants. Plaintiff argues that the relationship element of the DTSA is met because it—and now Defendants—sells those third-party products (after they have traveled through interstate commerce) to their Ohio customers. (ECF No. 14, PageID #105). This relationship is too attenuated to pass the bar for the relationship element under the DTSA.

The Court does not need to weigh in on this issue, and its analysis on this element is immaterial to the outcome of this action. But the Court wants to make clear that it proceeds with caution in applying too permissive of an interpretation of the relationship element to future cases. Under a liberal interpretation, a plaintiff could just as well claim (under the DTSA) that a competing business is engaged in interstate commerce when it buys its service vehicles from out of state or issues work cell phones to its employees that were imported from overseas. A review of other district court opinions on the issue reveals that the Court is not alone in its apprehension of a permissive interpretation of this element. *See, e.g.," Island Hospice, Inc. v. Duick*, 2019 U.S. Dist. LEXIS 162416, at *13–14 (D. Haw. Sept. 23, 2019). (a liberal reading of "related to" under the DTSA "would result in virtually unlimited expansion of the court's jurisdiction.").

If a cause of action pursuant to the DTSA fails to state a claim and warrants dismissal under Rule 12(b)(6), then the entire action may be dismissed under Rule 12(b)(1). *See Health Care Facilities Partners, LLC v. Diamond*, No. 5:21-cv-1070, 2022 U.S. Dist. LEXIS 206499, at *13 (N.D. Ohio Nov. 14, 2022). Other courts have dismissed DTSA claims for lack of subject matter jurisdiction upon finding the interstate commerce element lacking. *See, e.g.*, *JTH Tax LLC v. Foster*, No. 1:23-CV-00005-RAL, 2023 U.S. Dist. LEXIS 161631, at *16-17 (W.D. Pa. Sep. 12, 2023) (collecting cases); *Gordon Grado M.D., Inc. v. Phoenix Cancer & Blood Disorder Treatment Inst. PLLC*, 603 F. Supp. 3d 799, 807–08 (D. Ariz. 2022); *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 172 (E.D. Pa. 2017) (collecting cases); *Islands Hospice, Inc. v. Duick*, No. 19-CV-00202, 2019 U.S. Dist. LEXIS 162416, 2019 WL 4620369, at *3 (D. Haw. Sep. 23, 2019). Because Plaintiff has failed to allege facts to support the elements of a claim for misappropriation of trade secrets under the DTSA, including the interstate commerce nexus, Count One is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

### B. Counts Two, Three, Four, and Five – State Law Claims

Count Two is an Ohio law misappropriation of trade secrets claim against Defendants. Count Three is a breach of contract Ohio law claim against Joshua Rust. Count Four is a breach of contract Ohio law claim against Dusty Rust. Count Five is an Ohio law claim for tortious interference with contractual and business relationships claim against Defendants. District courts have "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." *Id.* "If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003) (citing *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)). Because this Court dismisses all federal claims against Defendants, the Court declines to exercise supplemental jurisdiction over Counts Two through Five. Counts Two and Five are **DISMISSED** as to Defendants. Count Three is **DISMISSED** at to Joshua Rust. Count Four is **DISMISSED** as to Dusty Rust.

### C. Count Six – Punitive Damages

Count Six is a claim for punitive damages against Defendants. Punitive damages are not an independent cause of action in Ohio. *Calvey v. Stifel, Nicolaus & Company, Inc.*, 850 F. App'x 344, 350 (6th Cir. 2021); *Hitachi Med. Sys. Am., Inc. v. Branch*, No. 5:09-cv-01575, 2010 WL 816344, *11 (N.D. Ohio Mar. 4, 2010); *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 912 N.E.2d 595, 599 (2009). A civil cause of action may not be maintained in Ohio solely for punitive damages. *Niskanen,* 122 Ohio St. at 489 (quoting *Bishop v. Grdina*, 20 Ohio St. 3d 26, 485 N.E.2d

10

704, 705 (Ohio 1985), *superseded on other grounds by change to* Ohio Civ. R. 54(C)). Count Six is **DISMISSED** as to Defendants.

    **D.**    **Defendants' Counterclaims**

In response to Plaintiff's complaint, Defendants asserted three counterclaims. (ECF No. 8, PageID #65–66). Because the Court has dismissed the only federal claim in this action, it must also determine whether it retains jurisdiction to consider Defendants' counterclaims. Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3); *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

    **1.**    **Counterclaims Two and Three – State Law Claims**

Under Counterclaims Two and Three, Defendants allege that Plaintiff asserted bad faith misappropriation claims under the OTSA, Ohio Rev. Code § 1333.61 *et seq.*, and the DTSA, 18 U.S.C. § 1831 *et seq.*, respectively. (ECF No. 14, PageID #65–66). Because Plaintiff's misappropriation claims were allegedly brought in bad faith, Defendants assert that they are entitled to attorney's fees pursuant to both Ohio Rev. Code § 1333.64 and 18 U.S.C. § 1836(b)(3)(D). (*Id.*).

Both statutes provide courts with the discretion to award reasonable attorney's fees to a "prevailing party" when a claim of misappropriation of trade secrets was made in bad faith. *See* Ohio Rev. Code § 1333.64; 18 U.S.C. § 1836(b)(3)(D). The statutes provide a remedy for a party who is otherwise successful under the respective statutory schemes; but they do not create separate, independent causes of action. *Cannon Grp., Inc. v. N.Y. Packaging II, LLC*, No. 2:16-cv-515,

11

2018 U.S. Dist. LEXIS 244991, at *17 (S.D. Ohio Jan. 24, 2018); *see Elias Indus. v. Kissler & Co.*, No. 2:20-CV-01011-CCW, 2022 U.S. Dist. LEXIS 57370, at *18–19 (W.D. Pa. Mar. 29, 2022) (providing that, although the DTSA allows for the recovery of attorney's fees by a prevailing party if a claim of misappropriation of trade secrets was made in bad faith, it does not provide an independent cause of action); *Allstate Life Ins. Co. v. Mota*, No. 21-cv-908 (LJL), 2021 U.S. Dist. LEXIS 214750, at *18–19 (S.D.N.Y. Nov. 5, 2021) ("But [18 U.S.C. § 1836(b)(3)(D)] does not provide a separate, independent cause of action for a claim under the Defend Trade Secrets Act brought in bad faith."). Here, Defendants' requests for attorney's fees under Counterclaims Two and Three are not independent causes of action and do not provide any bases for a counterclaim; there is no cognizable claim.

Accordingly, Counterclaims Two and Three are **DISMISSED WITHOUT PREJUDICE** to the timely filing of a motion for attorney's fees after the conclusion of this litigation.

### 2. **Counterclaim One**

Counterclaim One is an Ohio law intentional interference with business relationships claim against Plaintiff. (ECF No. 14, PageID # 65). Because all federal claims in this action are dismissed, the Court declines to exercise supplemental jurisdiction over Counterclaim One. *See* 28 U.S.C. § 1367(a); *Wojnicz*, 80 F. App'x at 384–85. Counterclaim One is **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Joshua Rust, Dusty Rust, and J.D.R. Home Services LLC's Motion for Judgment on the Pleadings (ECF No. 13). Count One is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE.** Defendants' counterclaims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: March 27, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

13